IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 07-05871 |
| RIDEL ALEGRE FERNANDEZ ROSADO | CHAPTER 7 |
| Debtor | |
| OSIRIS DELGADO; EMMA T. BENITEZ | ADVERSARY NO. 08-0016 |
| Plaintiffs | |
| vs. | |
| RIDEL ALEGRE FERNANDEZ ROSADO | |
| Defendant | |

**ORDER**

This case is before the court upon the "Motion for Reconsideration or to Alter or Amend Judgment" (the "Motion for Reconsideration") filed by Dr. Osiris Delgado and Emma T. Benítez (the "Plaintiffs") on April 16, 2009 (Docket No. 64), of the judgment entered in this adversary proceeding on April 6, 2009 (Docket No. 62) in favor of Ridel Alegre Fernández (the "Defendant"), dismissing the adversary proceeding because the complaint objecting to the dischargeability of Plaintiffs' debts was found by this court to be time-barred. For the reasons stated below the Motion for Reconsideration is here by denied.

*Fed. R. Civ. P. 59(e)*

A motion for reconsideration of an order or judgment is not recognized by the Federal Rules of Civil Procedure. In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) *aff'd*, 2001 WL 958803 (1st Cir. 2001) (citing Vank Skiver v. United States 952 F.2d 1241, 1243 (10th Cir. 1991)). Federal courts treat such a motion as either a motion to alter or amend judgment under Fed. R. Civ. P 59(e) or a motion for relief of judgment under Fed. R. Civ. P. 60(b). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it

falls under Rule 60(b)." Id. In the instant case Plaintiffs' Motion for Reconsideration was filed ten (10) days after the judgment for which reconsideration is sought was entered. Therefore, the motion will be treated as one filed under Fed. R. Civ. P. 59(e) made applicable here through Fed. R. Bank. P. 9023.

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Pabon Rodriguez, 233 B.R. at 218 (citations omitted). The movant "must either clearly establish a manifest error of law or must present newly discovered evidence". Id. The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Id. Generally, when a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Rule 59(e) motion. Id. Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. Id. The federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id.

*Plaintiffs' Arguments & Discussion*

In its Motion for Reconsideration Plaintiffs present three (3) arguments as to why the court should reconsider the judgment rendered by this court dismissing this adversary proceeding.

Plaintiffs first argue that, "the [c]ourt has disregarded authority conceded by 11 U.S.C.A 105 which grants this court the power to issue any order that is necessary to carry out the provisions of the Bankruptcy Law." (Motion for Reconsideration, p. 2) Plaintiffs rely heavily on the case of In re Demos, 57 F. 3d. 1037 (11th Cir. 1995) and cite the case of In re Watkins, 365 B.R. 574 (Bankr. W.D. Pa 2007) to sustain their position that this court should have utilized its equitable powers under Section 105(a) of the Bankruptcy Code to allow their complaint to stand.

In this adversary proceeding the U.S. trustee filed a motion on December 18, 2007 requesting the court to extend the deadline for sixty (60) days to allow him to file a motion to dismiss under §§ 707(b)(1), (b)(3) and/or §727 of the Bankruptcy Code (Docket No. 15 in lead bankruptcy case No. 07-05871).[1] Subsequently, Juan Botello (an unsecured creditor) on December 31, 2007, filed a motion specifically requesting, "the [c]ourt to grant the appearing party a sixty (60) day extension to file a Complaint Objecting to Discharge" (Docket No. 23 in lead case). On January 8, 2008 the Plaintiffs, in conjunction with Pablo López Baez, filed a motion captioned "Motion Requesting Amendment to Order Extending Deadlines to File Objections to Dischargeability"(Docket No. 27 in lead case). The motion prayed that "the orders extending the deadlines to file objections to discharge be amended to be extensive to all creditors and that any such objections be filed on or before February 29, 2008." The court granted the motion filed by Pablo López Baez on January 15, 2008 (Docket No. 31 in lead case). Plaintiffs then filed a subsequent motion on January 25, 2008 (Docket No. 36 in lead case) captioned "Motion Requesting Amendment to Order Extending Deadlines to File Objections to Dischargeability" since the court in its prior order had only granted Pablo López Baez the extension. The motion prayed that "the orders extending the deadlines to file objections to discharge be amended to be extensive to all creditors and furthermore, that the appearing parties' complaint in adversary proceeding objecting to dischargeability be admitted and ordered docketed." The court granted Plaintiffs' request on January 31, 2008 (Docket No. 37).

Plaintiffs' motion titled, "Motion Requesting Amendment to Order Extending Deadlines to File Objections to Dischargeability" (hereinafter the "Motion") did not specifically request the court to act pursuant to 11 U.S.C. §105 of the Bankruptcy Code since the Defendant allegedly had failed to produce certain documentation requested by the U.S. Trustee in the §341 creditor's meeting and Plaintiffs' request for an extension was outside the time limits provided by Fed. R. Bankr. P. 4004. Plaintiffs, in paragraph four (4) of their "Motion Requesting Amendment to Order Extending Deadlines to File Objections to Dischargeability" stated the following: "In re Demos 57 F. 3d 1037

---

[1] References to the lead case are to the entries and documents filed in the bankruptcy case, case number 07-05871 (ESL).

3

(11th Circuit 1995) held that creditors could rely upon this Order of the Bankruptcy Court granting extensions deadlines even if creditors did not participate in [the] motion. The plain meaning of the language of this case, is clear in light of the situation of this case, that the extension be applicable to all creditors." Also, in paragraph five (5) of the Motion, Plaintiffs' reliance on Watkins was limited to the following, "The Bankruptcy Court has the discretion to extend the deadlines for filing objections as to all creditors. In re Wilkins, (*sic*) 365 BR 574 (April 12, 2007)."[2]

This court in its Opinion and Order specifically addressed the case of In re Demos and concluded the following: "Plaintiffs' reliance is misplaced because in Demos the motion requesting that an extension of time be granted was not filed pursuant to Fed. R. Bankr. P. 4004 but under §105 of the Bankruptcy Code. In addition, the debtor and the trustee in Demos filed such motion specifically requesting the court to exercise its equitable powers to extend the time for filing complaints primarily for two reasons. The first being the problems that had arisen due to the large number of creditors involved in the bankruptcy and the second the possibility that the debtor's attorney might not be able to attend the 2004 examination of the debtor. In re Demos, 57 F. 3d at 1039." (Opinion and Order, pg. 5). It must be further noted that in the case of In re Demos, the trustee and debtor jointly filed within the time limits established by Fed. R. Bankr. P. 4004(a) and 4007(c) the motion for an extension of time to object to the dischargeability of debts and discharge and specifically requested the bankruptcy court to act pursuant to 11 U.S.C. §105 of the Bankruptcy Code due to the problems with the postponement of the Fed. R. Bankr. P. 2004 examination and the large number of creditors. In re Demos, 57 F. 3d at 1038. The circumstances in the case of Demos are different from those in this adversary proceeding and for the reasons stated above, Demos does not apply to the case at hand.

This court in its Opinion and Order concluded the following regarding the applicability of the case of In re Watkins, 365 B.R. 574 to this adversary proceeding: "The Plaintiffs also cite the case of In re Watkins, 365 B.R. 574 (Bankr. W.D. Pa. 2007) to sustain their argument that the court has

---

[2] The corresponding case which matches the citation of 365 B.R. 574 is In re Watkins. The Court has assumed that Plaintiffs copied the incorrect name of the case (In re Wilkins).

discretion to extend the deadlines to all creditors based on a motion by a single creditor. However, the circumstances surrounding the extension to file dischargeability complaints in <u>Watkins</u> are very different from the situation at hand, specifically because of the prior hearing that had been conducted in which the Trustee indicated that a Rule 2004 examination was going to be conducted and that this in itself constituted sufficient cause to extend the time to file dischargeability complaints for all creditors. See <u>In re Watkins</u>, 365 B.R. at 577. In addition, the order issued by the court granting an extension of time did not specify a particular movant. This court finds that the circumstances of this case are very particular and only conform to that particular case, and thus are inapplicable to this adversary proceeding." (Opinion and Order, pg. 5).

For the reasons stated above, Plaintiffs' first argument in its Motion for Reconsideration fails to clearly establish a manifest error of law nor present newly discovered evidence.

The second argument is that the court "disregarded its own conclusion that in determining whether failure to timely raise limitations defense should constitute a waiver" (Motion for Reconsideration, p. 5). The court in its Opinion and Order, after considering this particular issue and enumerating the factors a court should consider in determining whether failure to timely raise a limitations defense should constitute a waiver, concluded the following: "In this adversary proceeding, the Defendant raised as an affirmative defense the untimeliness of Plaintiffs' complaint in his answer to the complaint and to the amended complaint. Thus, the defense was timely and presented before reaching the merits of the complaint, as amended. Therefore, <u>Kontrick</u> is inapposite in this respect. The order granting Plaintiffs' request that the adversary proceeding be 'admitted' and 'docketed' cannot, and will not, be construed as an order denying *ex ante* any affirmative defense the defendant may have, such as the one subject of the motion to dismiss before the court, that is, that the action is time barred." (Opinion and Order, p. 7). This court in its Opinion and Order held that Defendant timely raised the defense that Plaintiffs' complaint was time barred and thus, did not waive such defense. The court finds that Plaintiffs' second argument has been initially presented in this Motion for Reconsideration and the same should have been presented to the court in earlier proceedings. The court also finds that the second argument fails to clearly establish a manifest error of law nor present newly discovered evidence.

Finally, the third argument is that "[t]here are a great number of cases where the courts have denied a discharge where it is determined that a debtor has failed to provide a satisfactory explanation for the loss, shortage or disappearance of [e]state assets, see for example Matter of the D'Agnese, 86 F. 3d. 732 (Ca. 7 1996); In re Wade, 189 BR 522 (1995); In Re Schroff, 156 BR 250 (1993). Explanations on how money was spent is unacceptable without documentation. Matter of Holt, 190 BR 935 (1996)." (Motion for Reconsideration, pg. 9). Plaintiffs' third argument consists of an objection to discharge pursuant to §727(a)(5) of the Bankruptcy Code. Plaintiffs' bring forth this argument (rather objection) for the first time in this Motion for Reconsideration. This court finds that an objection to discharge pursuant to §727(a)(5) of the Bankruptcy Code should have been originally presented to the court in Plaintiffs' complaint. The court also concludes that a Motion for Reconsideration is an inappropriate mechanism to initially present to the court an objection to a discharge pursuant to §727(a)(5).

This court holds that Plaintiffs have not established a manifest error of law nor presented newly discovered evidence in its Motion for Reconsideration which would warrant this court to reconsider its order entered on April 6, 2009, granting Defendant's motion to dismiss this adversary proceeding. Therefore, the Motion for Reconsideration is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 20th day of May 2009.

_____
ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge